No. 28,112.

H. B. Beeler, *Appellee,* v. W. N. Beezley, as Judge of the Probate Court, etc., *Appellant.*

(267 Pac. 1112.)

Opinion filed June 9, 1928.

*William Osmond, Elrick C. Cole, T. B. Kelley,* all of Great Bend, *F. L. Slaughter* and *John A. Etling,* both of Kinsley, for the appellant.

*A. L. Moffat,* of Kinsley, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one of prohibition to restrain the probate judge of Edwards county from conducting a proceeding to determine the mental competency of a person not within the county. The relief prayed for was granted, and the probate judge appeals.

. Gracia Beeler, daughter of H. B. Beeler, filed an information in the probate court of Edwards county, alleging that H. B. Beeler was a resident of Edwards county, and a person of unsound mind, who was incapable of managing his affairs; that he was in an institution in Kansas City, Mo., for treatment of mental diseases, and was there undergoing treatment for his malady; that he was incapable of caring for himself, and that he had real and personal property·in Edwards and Reno counties which ought to be placed in the custody and under the control of a guardian. The court issued a notice to Beeler of a hearing on the information, appointed Gracia Beeler to serve the notice, and the notice was served on Beeler in Missouri. On the day designated for the hearing an attorney for Beeler appeared specially, and challenged jurisdiction of the court. The challenge was overruled, and a jury was called and sworn to inquire respecting Beeler's sanity. Before the inquiry was concluded, an al-

ternative writ of prohibition was served on the probate judge. The probate judge answered, a demurrer to the answer was sustained, and a writ prohibiting the probate judge from proceeding further was issued.

There are two methods of dealing with the insane. One has for its purpose guardianship of person or property, or both; the other, confinement in a state hospital, and incidentally appointment of a guardian. In this instance, the purpose of the inquiry was to determine the necessity for appointment of a guardian, and the jurisdiction of the probate court was definitely prescribed by statute:

"When information in writing, verified by affidavit, shall be given to the probate court that any one in its county is insane, a lunatic, an idiot, an imbecile, a distracted person, a feeble-minded person, a drug habitué, or an habitual drunkard, and for any of these reasons is incapable of managing his affairs, and that it is necessary that a guardian be appointed for his person or estate, or both, and praying that an inquiry therein be had, the court, if satisfied that there is good cause for the exercise of its jurisdiction, shall cause the facts to be inquired into by a jury." (R. S. 39-201.)

The brief for the probate judge discusses the nature of the proceeding, whether civil or criminal, adversary or parental, and the subjects of notice and service of notice. We do not get to any of those matters, because the information disclosed that Beeler was in Missouri, and the probate court had no jurisdiction to entertain it. There is no jurisdiction to make an initial inquiry into the sanity of a person outside the county in a guardianship proceeding, and the same is true of proceedings for institutional restraint.

"When any person is supposed to be insane, any reputable citizen of the town or township in which such person resides or is found may file with the probate judge of said county a statement in writing, under oath, setting forth that the person named is insane and unsafe to be at large, or suffering under mental derangement, and that the welfare of himself or others requires his restraint or commitment to some hospital for the insane; . . ." (R. S. 76-1205.)

"Inquests in lunacy may be in open court, or in chambers, or at the house of the person alleged to be insane, at the discretion of the court; the probate judge shall preside, and the presence of the accused shall be indispensable, and no proceedings can be had in his or her absence." (R. S. 76-1210.)

Prohibition was the proper remedy. (*Foley v. Ham*, 102 Kan. 66, 70, 169 Pac. 183.)

The judgment of the district court is affirmed.