No. 42,115

BUSHMAN CONSTRUCTION COMPANY, a corporation, and LIBERTY MU-
TUAL INSURANCE COMPANY, a corporation, *Appellants,* v. ELMER J.
SCHUMACHER, as Workmen's Compensation Commissioner for the
State of Kansas, and BUFORD L. SHANKEL, as Examiner for the
Workmen's Compensation Commissioner of the State of Kansas,
*Appellees.*

(356 P. 2d 869)

Opinion filed November 12, 1960.

*William Hergenreter,* of Topeka, argued the cause, and *Wendell L. Garling-
house* and *Warren W. Shaw,* of Topeka, were with him on the briefs for
appellants.

*George E. McCullough,* of Topeka, argued the cause, and *John Anderson,
Jr.,* Attorney General, *W. L. Parker, Jr.,* and *Robert B. Wareheim,* all of Topeka,
were with him on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: In this action the plaintiffs sought a writ to prohibit
the defendants from hearing an application to review and modify
a workman's compensation award for temporary total disability
under G. S. 1959 Supp., 44-528. The appellee defendants' motion
to quash was sustained, and the plaintiffs have appealed.

As reflected by the petition, this appeal arises out of the fol-
lowing: On August 10, 1955, one Leroy Bowman suffered personal
injury by accident arising out of and in the course of his employ-

ment with the Bushman Construction Company, resulting in a left indirect inguinal hernia. The construction company and Bowman were subject to and covered by the Workmen's Compensation Law. Bowman filed an application for compensation with the workmen's compensation commissioner which was heard on July 13, 1956, and concluded on January 4, 1957. On April 27, 1957, the commissioner awarded Bowman compensation for temporary total disability for a period of twelve weeks and four days subsequent to August 10, 1955. In addition, the commissioner found that Bowman suffered a 35 percent permanent partial disability of the body as a whole as a result of the injury and the operation for the hernia subsequently performed. The plaintiffs in this action timely perfected an appeal to the district court of Shawnee County.

On January 9, 1958, the district court made its own findings of fact and awarded Bowman temporary total disability from August 10, 1955, to December 3, 1955, a period of twelve weeks and four days as computed by the district court, and denied permanent partial disability.

Bowman duly perfected his appeal to this court where it was held that an operable hernia is included in the schedule of compensation for specific injuries under G. S. 1955 Supp., 44-510 (3) (c), and subdivisions (22) and (23) thereof, and that he was entitled to recover compensation for temporary total disability during the period of time he was unable to work on account of such hernia. (*Bowman v. Bushman Construction Co.*, 183 Kan. 671, 331 P. 2d 883.) The judgment of the district court awarding Bowman temporary total disability from August 10, 1955, to December 3, 1955, was affirmed, however, the opinion noted that such period was for fifteen weeks and three days rather than twelve weeks and four days as computed by the district court. As modified, the case was remanded for final decision in accordance with the conclusions announced therein.

Subsequent to the issuance of the mandate of this court Bowman filed a petition for review and modification under G. S. 1959 Supp., 44-528 in his original case before the workmen's compensation commissioner. In his affidavit attached to the motion to quash the instant action he alleged he again became temporarily totally disabled as a result of the trumatic hernia after the original hearing and that additional medical treatment was needed; that he was partially unable to work on account of said hernia; that during much of the

time he was totally unable to work as a result thereof; that he had been operated upon three times since the original operation at the expense of Shawnee County, Kansas, and that the total disability and operations were the direct result of the trumatic hernia suffered on August 10, 1955. The record reflects that the plaintiffs had paid to Bowman and he had accepted compensation for twelve weeks and four days, however, the decision of this court left a small payment of compensation due and owing to Bowman. In other words, final payment of the compensation had not been made to Bowman.

In response to Bowman's application for review and modification, the plaintiffs filed a motion to dismiss and strike from the files his application upon the ground that the commissioner had no jurisdiction to hear it. On December 16, 1959, the commissioner overruled the motion to dismiss and announced that the case would be heard on its merits and that testimony would be taken on the application for review and modification of Bowman's award.

The plaintiffs then commenced the instant action and alleged that the commissioner was wholly without authority and jurisdiction to hear further testimony; that plaintiffs were without an adequate remedy at law; that the remedy by appeal or any other method, except by prohibition of the district court, was inadequate and insufficient in that any method other than prohibition would compel the plaintiffs to incur expenses in defense of the application for review and modification, and that the commissioner was wholly without authority or jurisdiction to proceed. The prayer was that the court issue its writ of prohibition directing the commissioner to immediately desist and refrain from attempting to exercise further jurisdiction of the application for review and modification, and that upon final judgment plaintiffs have such other and further relief as the court should deem equitable and just.

We deem it unnecessary to discuss points raised by the plaintiffs on the merits of the case since we have concluded this appeal is controlled by what was said and held in *Employers' Liability Assurance Corp. v. Matlock*, 151 Kan. 293, 98 P. 2d 456, 127 A. L. R. 461, and *Anchor Casualty Co. v. Wise*, 172 Kan. 539, 241 P. 2d 484. In the latter case it was held:

"In an action by an employer's insurance carrier to prohibit and enjoin the Workmen's Compensation Commissioner of the state of Kansas from proceeding with a claim for compensation filed by an injured employee, on the ground the Commissioner had no jurisdiction of such claim because the contract of

employment was made in another state, the record is examined and it is *held:* (1) The Workmen's Compensation Act establishes a procedure of its own which is substantial, complete and exclusive in compensation cases. (2) The Workmen's Compensation Commissioner is clothed with full power and authority to hear and determine any and all questions arising under the Act, including any questions concerning his jurisdiction to hear such claims as may be filed. (3) A district court has jurisdiction to hear only those cases which have been heard by and appealed from the decision of the Commissioner after the remedies and procedure before that official have been exhausted. (4) The district court had no jurisdiction of the subject matter of the action, and the demurrer to the petition should have been sustained."

In the opinion it was said:

"While it is true the Matlock case, *supra,* is not precisely in point with the question before us in that there it was conceded the employment and injury were within the Workmen's Compensation Act, nevertheless we think the general rules there announced are sound and have application to the question here presented. No attempt will be made to review all that was said in that decision, *but it is sufficient to say the rule is well settled that the Workmen's Compensation Act establishes a procedure of its own; that such procedure furnishes a remedy which is substantial, complete and exclusive in compensation cases; that the Commissioner is compelled to hear all evidence on all points and on all branches of the case in order that the district court may exercise its right and duty on appeal, and that until this has been done and a ruling made the case is only partly heard and the appeal to the district court is ineffectual. . . .*" (l. c. 542, 543.) (Emphasis supplied.)

While this court recognizes that the writ of prohibition is an available remedy under the code of civil procedure where a public officer attempts to act beyond his legal authority (*Foley v. Ham,* 102 Kan. 66, 169 P. 183; *Beeler v. Beezley,* 126 Kan. 268, 267 P. 1112), whether such a writ will lie to prevent the assumption of jurisdiction by a court before the exhaustion of an administrative remedy depends upon whether the administrative remedy was intended to be exclusive. Our decisions are replete that the Workmen's Compensation Act undertook to cover every phase of the right to compensation and of the procedure for obtaining it, which is substantial, complete and exclusive, and we must look to the procedure of the act for the methods of its administration. Rules and methods provided by the code of civil procedure not included in the act itself are not available in determining rights thereunder. We cite only a few of our many decisions: *Willis v. Skelly Oil Co.,* 135 Kan. 543, 11 P. 2d 980; *Employers' Liability Assurance Corp. v. Matlock,* supra; *Gray v. Hercules Powder Co.,* 160 Kan. 767, 165 P. 2d 447; *Anchor Casualty Co. v. Wise,* supra, and *Clark v. Winfield Hospital & Training Center,* 186 Kan. 705, 352 P. 2d 442.

The plaintiffs have a complete and adequate remedy in law available by appeal to the district court, and it was not error for that court to sustain the appellees' motion to quash and dismiss the instant action to prohibit the workmen's compensation commissioner and one of his examiners from proceeding with Bowman's application for review and modification. The judgment is affirmed.