No. 114,605

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CINCINNATI INSURANCE COMPANY,
*Appellant*,

v.

LARRY G. KARNS, Director of Workers Compensation, Kansas Department of Labor,
*Appellee*.

SYLLABUS BY THE COURT

1.

The right to appeal is neither a vested nor a constitutional right. It is entirely statutory.

2.

The Kansas Workers Compensation Act is substantial, complete, and exclusive.

3.

The Kansas Workers Compensation Act does not provide for the right to appeal the Director of Workers Compensation's determination to deny reimbursement for overpayment of an award.

4.

Because the Kansas Workers Compensation Act is comprehensive and has its own provisions governing what orders may be appealed and when, the Kansas Judicial Review Act does not provide for the right to appeal the decision by the Director of Workers Compensation to deny reimbursement for overpayment of an award.

1

5.

Mandamus is appropriate in the absence of a statutory right of appeal to redress illegal, fraudulent, or oppressive official conduct. It is available only for the purpose of compelling the performance of a clearly defined duty.

Appeal from Shawnee District Court; REBECCA W. CROTTY, judge. Opinion filed June 24, 2016. Affirmed.

*Ryan D. Weltz*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for appellant.

*Glenn H. Griffeth*, of Kansas Department of Labor, for appellee.

Before ARNOLD-BURGER, P.J., SCHROEDER, J., and JEFFREY E. GOERING, District Judge, assigned.

ARNOLD-BURGER, J.:  Due to a miscalculation solely of its own making, Cincinnati Insurance Company (Cincinnati) overpaid a workers compensation award. Subsequently, the Director of Workers Compensation (Director) denied Cincinnati's request for reimbursement for its overpayment from the Kansas Workers Compensation Fund (Fund). Although the parties agree that the Kansas Workers Compensation Act (KWCA), K.S.A. 44-501 *et seq.*, does not contain any provisions that would allow appeal of the Director's decision, Cincinnati contends that the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 *et seq.*, provides such a right. Because we find that the KJRA does not provide a right to appeal the Director's decision denying reimbursement, we affirm the district court's dismissal of this action for lack of jurisdiction.

FACTUAL AND PROCEDURAL HISTORY

Paul Young sustained on-the-job injuries while working for Mid-America Pipe Fabricating in July 2008. While his claim for workers compensation benefits was pending, Mid-America's insurer, Cincinnati, made temporary total disability payments to Young. After a hearing, an administrative law judge (ALJ) determined that Young was totally disabled and awarded him $125,000 minus any amounts that had already been paid. At the time of the hearing, Cincinnati stipulated to the fact that it had previously paid Young $43,245.72 in temporary total disability benefits. After the award was entered, Cincinnati paid Young an additional $81,754.28—the difference between the amount it had already paid and the total amount for which it was liable.

Sometime after the payment was made, Cincinnati realized that it had actually paid Young $79,765.72 in temporary total disability, resulting in an overpayment of $28,755.96 in temporary benefits. Cincinnati then sent a letter to the Director asking the Director to order the Fund to reimburse Cincinnati for its overpayment. The Director denied the request. After a letter seeking reconsideration, the Director again denied the request. The Director's position, stated simply, was that K.S.A. 2015 Supp. 44-534a(b) requires reimbursement from the Fund only when the employer has paid more in temporary disability than the final award or the final award was disallowed. In this case, the final award was more than the temporary disability the employer had paid, so no reimbursement was allowed. According to the Director, the fact that the employer failed to take credit for the total amount previously paid, even though it was allowed to do so under the ALJ's order, was irrelevant to the calculus.

Cincinnati filed suit in district court seeking judicial review of the Director's decision, but the district court dismissed Cincinnati's claim after it found that it lacked subject matter jurisdiction to review the decision. Cincinnati appeals the district court's dismissal.

ANALYSIS

*The district court lacked subject matter jurisdiction to consider an appeal of the Director's decision.*

Cincinnati argues that the district court erred when it dismissed the petition for judicial review for lack of subject matter jurisdiction. Whether jurisdiction exists is a question of law over which this court exercises de novo review. *Sander v. State*, 278 Kan. 487, 490, 102 P.3d 1136 (2004). To the extent that resolution of this appeal requires this court to engage in statutory interpretation, such review is also unlimited. *Schmidtlien Electric, Inc. v. Greathouse*, 278 Kan. 810, 819, 104 P.3d 378 (2005).

The right to appeal is neither a vested nor a constitutional right. It is entirely statutory. *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 609-10, 244 P.3d 642 (2010). So we begin by determining if such a statutory right to appeal exists under these circumstances.

Cincinnati contends that while the KWCA does not contain a mechanism for appealing a decision of the Director, the KJRA steps in and grants district courts jurisdiction to review such claims. The KJRA provides a statutory framework that sets out the rights of litigants to obtain judicial review of agency actions and grants courts the corresponding jurisdiction to consider such cases. K.S.A. 2015 Supp. 77-603(a). The dual goals of the KJRA are to increase accessibility to the courts and to standardize the way in which appeals from agency actions are handled. *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 777, 148 P.3d 538 (2006), *disapproved of on other grounds by Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 290 P.3d 555 (2012). The KJRA applies to all "agency actions not specifically exempted by statute from the provisions of th[e] act." K.S.A. 2015 Supp. 77-603. Accordingly, we must determine whether the KWCA is exempted by statute from the provisions of the KJRA.

4

The KWCA is a comprehensive set of statutes that define the rights of employees to compensation for work-place injuries and the procedures they must follow to obtain such compensation. Our Supreme Court, interpreting the KWCA, has concluded that it "'undertook to cover every phase of the right to compensation and of the procedure for obtaining it, which is substantial, complete and exclusive.'" *Jones v. Continental Can Co.*, 260 Kan. 547, 557, 920 P.2d 939 (1996). Included amongst the subjects covered by the KWCA is the jurisdiction of the courts to review claims brought under it. K.S.A. 2015 Supp. 44-556.

The procedure for obtaining judicial review of a workers compensation claim under the KWCA begins with a hearing before an ALJ. K.S.A. 2015 Supp. 44-551(l)(1). ALJs have the power to conduct trial-like proceedings, determine the validity of claims, and make awards. K.S.A. 2015 Supp. 44-551(l)(1). If either party is dissatisfied with the ALJ's determination, it may appeal to the Workers Compensation Appeals Board (Board). K.S.A. 2015 Supp. 44-551(l)(1). The Board has the "exclusive jurisdiction to review all decisions, findings, orders and awards of compensation of [ALJs] under the workers compensation act." K.S.A. 2015 Supp. 44-555c(a). Decisions of the Board are then appealable directly to the Kansas Court of Appeals "in accordance with the [KJRA]." K.S.A. 2015 Supp. 44-556(a). So KJRA procedures are certainly incorporated, to some extent, in the KWCA appeal process.

The role of the Director in the process is limited to oversight and enforcement. See K.S.A. 2015 Supp. 44-534a(a)(1) (the Director assigns cases to ALJs); K.S.A. 2015 Supp. 44-534a(b) and K.S.A. 2015 Supp. 44-556(d), (e) (if an award is entered for less than an employer has paid in temporary benefits, the Director determines the amount of overpayment that may be reimbursed); K.S.A. 2015 Supp. 44-536(b) (Director reviews attorney fee agreements for compliance with statute); K.S.A. 2015 Supp. 44-549 (final decisions of the ALJ are filed with the Director). As the parties admit, there is no statutory provision in the KWCA for agency or judicial review of the Director's

decisions. And although the legislature clearly included adherence to the KJRA procedures in the review of Board decisions, it failed to mention any right to appeal administrative decisions made by the Director under the KWCA or the KJRA. Including review under the KJRA in subsection (a) of K.S.A. 2015 Supp. 44-556 while excluding a discussion of such a review as it relates to the Director's decision regarding reimbursement in subsection (d)(1) seems to indicate a clear legislative intent that such a right to appeal does not exist. Therefore, Cincinnati's claim that the statute includes an implicit right to appeal is unpersuasive.

Our Supreme Court addressed a similar argument in *Schmidtlien*. There, the plaintiffs sought reimbursement from the Director under the same statute at issue here for temporary benefits paid to workers whose claims were later dismissed or disallowed for procedural reasons. The Director denied the requests. The plaintiffs filed petitions for writs of mandamus in district court seeking to compel the Director to issue reimbursements. The district court concluded that it had jurisdiction to consider the petitions, then denied them on the merits.

Our Supreme Court assumed review of the consolidated cases on appeal. One of the issues that the Supreme Court considered was whether mandamus was the appropriate mechanism for relief. The Supreme Court concluded it was. In reaching this decision, it reviewed the legal principles surrounding mandamus. See 278 Kan. at 832-33. The Supreme Court specifically made note:

> "Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law. [Citation omitted.]
>
> "Mandamus is not available to require performance of an act that involves the exercise of discretion by the public official. [Citation omitted.] Nor does it lie to enforce

6

a right which is in substantial dispute. [Citation omitted.] It is available only for the purpose of compelling the performance of a clearly defined duty." 278 Kan. at 832-33.

After reviewing the basic principles of mandamus relief, the Supreme Court determined that the district court had jurisdiction to consider the plaintiffs' requests and should have issued the writs of mandamus because the Director's duty to reimburse the plaintiffs was clear. 278 Kan. at 832-34. One of the legal foundations on which this decision rested was the determination that "[t]he [KWCA] does not provide for the right to appeal the Director's determination on reimbursement." 278 Kan. 810, Syl. ¶ 4. The KJRA was not discussed by the Supreme Court as a substitute legal remedy, but it contains the same language today as it did at the time of *Schmidtlien*. See K.S.A. 2015 Supp. 77-603(a). The conclusion that mandamus was an appropriate remedy for a Director's refusal to provide reimbursement under K.S.A. 44-534a(b) is supported by and reinforces the Supreme Court's earlier determination that the KWCA is complete unto itself. See *Jones*, 260 Kan. at 557.

Additionally, while the *Schmidtlien* court did not expressly mention it, mandamus is generally only appropriate where there is no other adequate legal remedy available. *Shehan v. Kansas Dept. of Corrections*, No. 108,020, 2013 WL 781139, at *2 (Kan. App. 2013) (unpublished opinion) (citing *State v. McDaniels*, 237 Kan. 767, 771-72, 703 P.2d 789 [1985]); see also *Board of Harvey County Comm'rs v. Whiteman*, 23 Kan. App. 2d 634, 639, 933 P.2d 771 (1997). This means mandamus is appropriate "'"[i]n the absence of a statutory right of appeal"'" to redress "'"illegal, fraudulent or oppressive official conduct."'" *Schmidtlien*, 278 Kan. at 832.

Because the KWCA is comprehensive and has its own provisions governing what orders may be appealed and when, the KJRA does not provide for the right to appeal the decision by the Director to deny reimbursement for overpayment of an award.

7

Accordingly, the district court was correct to dismiss Cincinnati's claim. Relief for Cincinnati, if available at all, can only be obtained through a writ of mandamus. Because the district court lacked jurisdiction to consider the merits of Cincinnati's claim, this court may not acquire jurisdiction on appeal. See *Ryser v. State*, 295 Kan. 452, 456, 284 P.3d 337 (2012).

*We do not issue advisory opinions.*

Cincinnati next asks this court, "[i]n the interests of judicial economy," to consider whether it would be entitled to a writ of mandamus ordering the Director to reimburse it for the amount it paid Young in excess of $125,000. This amounts to a request for this court to issue an advisory opinion, something it is not empowered to do, so we decline to do so. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 897-98, 179 P.3d 366 (2008).

Affirmed.