NOT DESIGNATED FOR PUBLICATION

No. 122,788

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANIEL BOOS,
*Appellant*,

v.

CARL E. MARKS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WILLIAM P. MAHONEY, judge. Opinion filed July 16, 2021. Affirmed and remanded.

*Stephen G. Sanders* and *Alexander C. Melin*, of Sanders.Law, of Kansas City, Missouri, for appellant.

*Mark E. Meyer*, of Lee's Summit, Missouri, for appellee.

Before WARNER, P.J., BUSER and CLINE, JJ.

PER CURIAM: After Daniel Boos missed his deadline for filing expert witness disclosures in his personal injury case, he tried to correct his mistake on the eve of trial. After noting the protracted history of the litigation, the district court denied Boos' untimely effort to offer testimony from his treating physician which was outside the scope of that physician's treatment of Boos and, in fact, contrary to that physician's own treatment records. The court then dismissed Boos' case under K.S.A. 2020 Supp. 60-241, after Boos' counsel essentially admitted proceeding to trial without a medical expert

would be futile. Finding no error, we affirm the district court's decision to dismiss with prejudice and remand to the district court to consider the motion to substitute parties.

## FACTS

Boos and Carl E. Marks were involved in a collision on May 7, 2012. On May 20, 2016, Boos sued Marks in the Circuit Court of Jackson County, Missouri. That lawsuit was removed to federal court, where Boos deposed Marks, then dismissed the case. Boos then filed this personal injury action on October 20, 2017, against Marks and another defendant (who was later dismissed), alleging Marks negligently caused the 2012 collision.

On April 4, 2018, the district court entered a case management conference order, setting the trial date on August 12, 2019. This order also addressed the deadline and content of the parties' expert witness designations:

> "The plaintiff shall designate expert witnesses on or before **October 1, 2018**; the defendant shall designate expert witnesses on or before **December 3, 2018**. In making a designation of expert witnesses, a party shall identify the witness by name and address and shall state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion."

On April 13, 2018, Boos served answers to Marks' interrogatories. In response to an interrogatory asking Boos to identify each person he expected to call as an expert witness at trial, Boos generically answered that his medical providers would, in various respects, testify to the facts of the collision, causation, and Boos' injuries. Another interrogatory asked Boos to state the name and address of each doctor from which he sought medical attention for his injuries. In response, Boos listed five doctors, including Dr. Atul Patel.

Both parties included the names of the medical providers listed in Boos' interrogatory answers (including Dr. Patel) on their pretrial witness lists, and both identified each of these witnesses (including Dr. Patel) simply as "Medical Provider of Plaintiff." Similarly, both parties named these same witnesses (including Dr. Patel) as trial witnesses in their pretrial questionnaires. Boos did not identify Dr. Patel as an expert witness in any of these filings.

On July 12, 2019, the parties agreed to continue the jury trial from August 12, 2019, to October 15, 2019, and the district court reflected the new trial date in an amended case management conference order. The deadlines for expert witness designations remained the same.

On October 15, 2019, the district court continued the jury trial for a second time and set a new trial date of November 18, 2019.

On November 7, 2019, another attorney with the same firm as Boos' original counsel entered his appearance as co-counsel for Boos. On November 8, 2019, Boos' counsel filed a motion for a hearing and ruling on the admissibility of Dr. Patel's testimony. This motion claimed Boos' new co-counsel had just been hired by the firm on November 1, 2019, and, in his review of the case, he realized Dr. Patel had not been "formally designated as an expert witness." Boos' counsel requested a hearing and ruling from the district court on whether Dr. Patel may testify not just as a treating physician but also as to his opinions in the matter. According to the motion, Boos anticipated Dr. Patel would testify about his opinions on (1) the causation of Boos' injuries; (2) the reasonableness, relatedness, and necessity of Boos' medical bills and treatment; and (3) Boos' future prognosis and treatment.

Marks objected to allowing Dr. Patel to testify beyond the scope of the care and treatment he provided Boos, as recorded in his medical records. Counsel participated in a

conference call with the district court on November 14, 2019, in which the court cancelled the jury trial set for that week, directed Boos to file an expert witness designation, directed Marks to respond to the expert witness designation, and set a hearing for November 19, 2019.

On November 15, 2019, Boos moved to designate an expert witness out of time, attaching a proposed expert witness designation for Dr. Patel. Boos admitted to missing the expert deadline but claimed the error was harmless since the trial setting had now been cancelled, thus leaving time for Marks to depose Dr. Patel and designate a counter expert. Boos also claimed Marks would not be surprised by Dr. Patel's opinions. In this motion, Boos anticipated Dr. Patel would testify that the accident caused an exacerbation or activation of Boos' previously asymptomatic shoulder condition, that Boos' medical treatment and the bills incurred, from several different doctors, clinics, and healthcare providers, were reasonable, related, and necessary, and about his prognosis that Boos' shoulder was likely to continue to deteriorate. In the designation of an expert witness attached to the motion, Boos expanded the anticipated scope of Dr. Patel's testimony even further by also noting Dr. Patel would testify about future treatment, Boos' condition before and after the collision at issue, any limitations associated with Boos' condition and injuries, what Boos told him about the collision, the diagnosis in his and his clinic's records and the records of other medical providers provided in the case, and future treatment that Boos will need, among other topics.

Marks responded by describing the extreme prejudice he would suffer if the district court granted Boos' motion. He pointed out Dr. Patel's medical records did not reflect the proposed testimony and opinions in Boos' motion. He noted Dr Patel had only seen Boos twice, both times in 2016, and the proposed opinions were "diametrically opposed" to what Dr. Patel stated in those records. For example, Dr. Patel's medical records stated Boos "does not recall any accident or injury" relating to his shoulder pain, which Boos apparently claimed he had been experiencing for the past three years (placing

the onset around a year after the 2012 accident). Now, Boos proposed to allow Dr. Patel to testify about "what [Boos] told him regarding the collision at issue." When Dr. Patel treated Boos in 2016, he diagnosed Boos with degenerative joint disease and "recommended a non-surgical approach." Now, Boos sought to introduce testimony that Dr. Patel believed Boos' 2012 accident caused the injury instead and also that Boos would require surgery.

Marks also noted the extensive procedural history of the parties' dispute in his response, claiming he would suffer prejudice if the case were again delayed. He pointed out the accident occurred seven years prior, Marks had already been deposed twice (once in the federal suit and once in this suit), and the trial in this matter had been continued three times. Considering these facts and circumstances, Marks moved to dismiss the case.

The district court heard Boos' motion on November 19, 2019. At the hearing, Boos' counsel again admitted that he failed to designate Dr. Patel as an expert witness by the expert witness designation deadline. Boos' counsel stated that, when Dr. Patel saw Boos, there was no plan or intent to designate Dr. Patel as an expert, and "[h]e was just simply a treater." Boos' counsel also represented that, when Dr. Patel treated Boos, he only had "the small amount of records he needed immediately to treat Mr. Boos." Boos' counsel admitted if he were not allowed to designate Dr. Patel as an expert, Dr. Patel's testimony would be extremely limited. He added, "And the effect, Your Honor, is predictable. All the lawyers in the room know what's going to happen if we're not allowed to designate him." Boos' counsel did not deny Marks' allegations about the matter's lengthy procedural history. Instead, he admitted, "This case has taken a long time. It's taken too long."

The district court expressed concern at the hearing about the sufficiency of the evidence to support Boos' claims, if the matter were to proceed to trial, given the limited nature of Dr. Patel's testimony if Boos were not allowed to belatedly designate him as an

expert. Boos' counsel candidly responded by saying, "I think we'd be going through the motions to know the ending that we already can predict." He admitted "[h]aving a trial under these conditions I think would be almost the same result if not the same result as a dismissal." Boos' counsel did not dispute Marks' position that Dr. Patel's proposed testimony was not supported by his own medical records. Instead, he claimed Marks could have filed a dispositive motion, which would have allowed the court to address the absence of evidence to support Boos' claims at that time. He argued, "Dismissal now would be a harsh result for Mr. Boos."

The district court denied Boos' motion. In doing so, it noted the lengthy procedural history of the matter, the untimeliness of Boos' motion, and the lack of any circumstance or explanation to justify granting the motion. The court did not find a factual basis for Dr. Patel's proposed expert opinions and pointed out it was not Marks' responsibility to file a dispositive motion. The court then dismissed Boos' claims with prejudice under K.S.A. 60-241(b), after finding that, without a designated expert to tie the causation of Boos' injuries to the accident and explain Boos' complicated medical injuries and conditions to the jury, Boos' case fails.

Boos moved the district court to reconsider or alter or amend its judgment or, in the alternative, make additional findings stating the grounds for dismissal. Boos now argued his interrogatory answers sufficiently designated Dr. Patel, and that Kansas law does not include treating physicians in K.S.A. 60-226's expert designation requirements. Boos also argued excluding treating physicians from rendering incidental expert opinions is an abuse of discretion. He also argued dismissal of the case with prejudice was an abuse of discretion and violated several constitutional provisions, such as Boos' right to trial by jury and his due process rights.

Marks responded by pointing out Dr. Patel's proposed testimony was not "incidental to his records," but was "completely new and different." Marks also noted,

"We're at the eleventh hour after a number of years of this case being in litigation in different forums with a couple of continuances and, you know, the eve of trial, we hear that a treater is going to basically become a retained expert and render a bunch of opinions that are not in his records." Marks argued Boos identified no mistake of law or fact which would justify changing the court's decision.

The district court denied Boos' motion to reconsider, pointing out Boos' anticipated testimony from Dr. Patel was distinctly different from Dr. Patel's treatment record of Boos. The court distinguished between allowing a treating doctor to provide incidental opinion testimony related to that doctor's treatment of the patient and "going outside of the records." The court noted there was nothing in Dr. Patel's record of his medical treatment of Boos that suggested Dr. Patel knew about the accident or any causation between the accident and the injury Dr. Patel treated. The court again based its decision on how long the case had been on file (over two and a half years), Boos' failure to designate an expert until this late date, and Boos' resulting lack of an expert witness to testify to causation and the need for future surgery and treatment.

On appeal, Boos alleges: (1) His interrogatory responses sufficiently designated Dr. Patel as an expert witness, (2) Dr. Patel can testify as a fact witness and offer incidental expert opinions, and (3) dismissal of his lawsuit was an improper sanction because his noncompliance was not based on willful disobedience of the district court's scheduling order. We do not find the district court abused its discretion in denying Boos' motion to designate an expert witness out of time. Boos' interrogatory responses did not comply with the expert witness requirements of K.S.A. 60-226, and Dr. Patel's proposed opinion testimony is not incidental to his treatment of Boos. We also do not find the district court abused its discretion in dismissing the lawsuit under K.S.A. 60-241(b). Boos admitted his case would fail without expert medical testimony on the causation of his injuries, and, as of trial, he had no expert to provide this testimony. It was reasonable for the court to find it unfair for Marks to proceed with the options Boos advocated, which

were either (1) allow Boos to protract the dispute even longer, to address Boos' mistake in failing to timely designate his expert, or (2) allow Boos to offer expert testimony disclosed on the eve of trial and which was an about-face from that expert's own records and Boos' prior case theory.

## ANALYSIS

*The district court did not abuse its discretion in excluding Dr. Patel's proposed expert witness testimony.*

When a party breaches the expert witness disclosure requirements in K.S.A. 2020 Supp. 60-226(b)(6), a district court may prohibit that witness' expert testimony at trial, unless the failure is substantially justified or harmless. K.S.A. 2020 Supp. 60-237(c). We review a district court's decision under K.S.A. 60-237(c) for an abuse of discretion. *Miller v. Johnson*, 295 Kan. 636, 687, 289 P.3d 1098 (2012), *abrogated on other grounds by Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 442 P.3d 509 (2019). A district court abuses its discretion if its action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018).

When the district court has set a specific deadline for expert witness disclosures, the parties "must make these disclosures at the times and in the sequence that the court orders." K.S.A. 2020 Supp. 60-226(b)(6)(C).

Boos first argues the district court abused its discretion in excluding Dr. Patel's proposed expert witness testimony because he claims his interrogatory answers met the expert disclosure requirements in K.S.A. 2020 Supp. 60-226(b). This argument, newly raised after the court denied his initial motions, ignores Boos' own admission that he violated this statute and mischaracterizes his discovery responses.

K.S.A. 2020 Supp. 60-226(b)(6) requires each party to disclose the identity of any witness it may use at trial to present expert testimony. The disclosure must state both "the subject matter on which the expert is expected to testify" and "the substance of the facts and opinions to which the expert is expected to testify." K.S.A. 2020 Supp. 60-226(b)(6)(A)(i)-(ii). Yet the interrogatory answer on which Boos now relies does not identify Dr. Patel as an expert witness. Instead, it generically references "[p]laintiff's medical providers." While Boos identified Dr. Patel as one of those medical providers (along with four others) in response to a different interrogatory, Boos never specified whether he expected to call any or all of Boos' medical providers at trial, or even whether he expected to call Dr. Patel at trial. Boos did not identify the subject matter on which he expected Dr. Patel to testify, nor did he provide the substance of the facts and opinions to which Dr. Patel is expected to testify. Instead, he only provided a conclusory one-line summary of the combined expected testimony of all his medical providers (and all of defendants' expert witnesses), which provided the most basic subject matter description. Not only did Boos fail to substantively describe the subject matter on which any of his medical providers (including Dr. Patel) would testify, but he also failed to provide the substance of the facts and opinions to which any of them (including Dr. Patel) would testify. Boos did not describe any actual opinions held by any of his medical providers, nor did he set forth any of the facts to which he expected them to testify.

Boos' meager discovery responses did not comply with the expert disclosure requirements set forth in K.S.A. 2020 Supp. 60-226(b)(6). The district court did not err or act unreasonably in denying his motion.

Boos next argues that, since Marks listed Dr. Patel as a trial witness and knew Dr. Patel was one of his medical providers, Marks would have suffered no prejudice or surprise if the district court allowed Dr. Patel to testify in accordance with Boos' belated expert designation. Boos relies on *West v. Martin*, 11 Kan. App. 2d 55, 713 P.2d 957 (1986), for support. In *West*, the district court did not allow a doctor to testify as an expert

because the plaintiff did not identify him as an expert in either the plaintiff's interrogatory answer or the referenced witness list. This court found the district court abused its discretion in excluding the doctor's expert testimony because the plaintiff listed the doctor as a witness on the witness list referred to in the interrogatory answer. Since the doctor was identified as a trial witness, this court found the defendant was not deceived. 11 Kan. App. 2d at 57-58.

*West* is inapplicable here because the law of expert disclosures has changed significantly since *West* was decided in 1986, and its facts are distinguishable. In 1997, the Legislature added the substantive portions of (1) K.S.A. 2020 Supp. 60-226(b)(6)(A)'s expert witness disclosure requirements; (2) K.S.A. 2020 Supp. 60-226(b)(6)(C)'s time limit for making expert witness disclosures; and (3) K.S.A. 2020 Supp. 60-226(b)(6)(E)'s form requirements for the expert witness disclosures. See L. 1997, ch. 173, § 11. Before this amendment, K.S.A. 60-226(b) only provided that a party may use interrogatories to discover the identity and testimony of the opposing party's expert witnesses. See L. 1997, ch. 173, § 11. Thus, when this court decided *West*, none of the affirmative expert witness disclosure requirements existed in K.S.A. 60-226(b). Also significant, the Legislature enacted the substantive portion of K.S.A. 2020 Supp. 60-237(c) in 1997, which prohibits a party from using an expert witness at trial if the party failed to disclose the expert witness in accordance with K.S.A. 60-226(b)(6), unless the failure was substantially justified or harmless. See L. 1997, ch. 173, § 20.

Under the current law, a party must affirmatively disclose specific information about their intended experts, and the failure to do so prohibits that party from using the expert witness at trial, unless the failure is substantially justified or harmless. Boos did not comply with K.S.A. 2020 Supp. 60-226(b)(6)'s expert witness disclosure requirements, and he did not establish his failure to do so was substantially justified or harmless. As a result, the district court acted well within its legal authority when excluding Dr. Patel's expert testimony.

*West* is also distinguishable because there, the plaintiff provided at least some information about the substance of her experts' opinions, including describing the injuries about which the experts would testify (cervical spine injuries), noting the experts would opine those injuries were chronic, and that the plaintiff can be expected to have future problems. Boos did not provide any such information in his interrogatory answers. His answers do not explain any of the opinions held by Boos' medical providers, including Dr. Patel, and they certainly do not apprise Marks of the substantive opinions set forth in Boos' belated expert designation.

Boos' position that Marks would not be surprised or deceived about Dr. Patel's proposed testimony minimizes the marked difference between the information noted in Dr. Patel's records and the proposed opinions set forth in Boos' belated expert designation. According to Dr. Patel's own records, Boos did not remember an accident or injury precipitating his shoulder injury, and Dr. Patel diagnosed the injury as "degenerative joint disease." Yet, on the eve of trial, Boos proposed Dr. Patel to opine the 2012 accident (which apparently was never mentioned during Boos' 2016 visits with Dr. Patel) caused this injury. Dr. Patel recommended a nonsurgical approach when he saw Boos in 2016. Again, on the eve of trial, Boos proposed Dr. Patel to testify about the reasonableness and necessity of medical bills and procedures from other providers, including a future surgery, none of which was reflected or even hinted at in his medical record. Last, when Dr. Patel saw Boos in 2016, he did not restrict Boos' activities. In fact, he said Boos "could continue with normal work duties." Yet Boos belatedly proposed Dr. Patel to testify about "limitations associated with [Boos'] condition and injuries," and how he expected Boos' condition to continue to deteriorate.

The district court properly concluded Marks could not have reasonably anticipated Dr. Patel would testify in accordance with the designation Boos provided well after the deadline for expert disclosures had passed. In fact, given the content of Dr. Patel's records, Marks could not have reasonably anticipated Boos would even call Dr. Patel to

testify in accordance with his interrogatory answer. The district court did not arbitrarily deny Boos' motion, and we do not find the district court's decision to be unreasonable.

*The district court did not abuse its discretion in excluding Dr. Patel's proposed testimony since it was not incidental opinion testimony.*

When Boos moved to allow Dr. Patel to testify about his proposed expert opinions and again when he moved to designate Dr. Patel as an expert witness out of time, he admitted he had missed the expert disclosure deadline. He also admitted at the hearing on those motions that, if Dr. Patel could only testify about his treatment of Boos and not as an expert, Boos' case would fail. He did not dispute Marks' claim that Dr. Patel's proposed testimony was distinctly different from the content of his medical records, nor did he argue then that Dr. Patel's proposed testimony was "incidental" to his treatment of Boos. It was only after those motions were denied that Boos pivoted to claim Dr. Patel's proposed opinion testimony was merely "incidental" to his treatment of Boos and should have been allowed on that basis. We do not find this argument persuasive.

While it is true that Kansas allows treating doctors to offer incidental opinions, without transforming those doctors into an expert requiring a designation under K.S.A. 60-226, the proposed testimony in Boos' belated disclosure does not fall into this category.

The Kansas Supreme Court explained the difference between expert witnesses and treating doctors in *Thompson v. KFB Ins. Co.*, 252 Kan. 1010, 850 P.2d 773 (1993). There, the court noted an expert witness "typically would be a consultant whose connection with the case began during trial preparation rather than with the events upon which a plaintiff's claim is based and would offer opinions based on information made known to him or her," while a treating doctor "typically would be called principally to recount plaintiff's injury and treatment." *Thompson*, 252 Kan. at 1026-27.

*Thompson* also explained the permissible scope of testimony from treating doctors. Together with testifying as a fact witness, recounting the plaintiff's injury and treatment, a treating doctor can also testify to his or her incidental opinions. See *Thompson*, 252 Kan. at 1027. These incidental opinions, however, must be rationally based on the treating doctor's own perception. See K.S.A. 2020 Supp. 60-456(a) (limiting opinion testimony from nonexpert witness to opinions judge finds are rationally based on perception of witness).

On the other hand, a treating doctor's testimony would not be admissible if its admission would mislead or surprise the opposing party. See *Thompson*, 252 Kan. at 1028 (finding district court did not abuse its discretion in admitting treating physician's testimony because defendant "was not misled or surprised," as defendant deposed treating physicians during discovery and treating physicians' testimony was presented to jury by videos of those depositions); see also *George v. Pauly*, 30 Kan. App. 2d 444, 452, 45 P.3d 1 (2001) (finding that district court should have allowed plaintiff's treating physician to testify about causation when [1] plaintiff indicated in answer to interrogatory that physician would give causation testimony, [2] physician drafted a written report that was given to defendant, and [3] physician's opinions were fully explored during deposition; the court found that "[t]here was no surprise that would justify excluding any causation testimony he had already given at deposition").

Boos argues the district court disregarded *Thompson* when it excluded Dr. Patel's proposed opinion testimony. Yet, the district court's decision is directly in line with *Thompson*. First, Boos' proposed testimony for Dr. Patel was unrelated to Dr. Patel's treatment of Boos. Boos proposed Dr. Patel would testify the accident caused Boos' injuries, yet the court noted there was nothing in Dr. Patel's records to indicate Dr. Patel had any knowledge of the 2012 accident or that Boos even mentioned the accident. Boos proposed Dr. Patel would testify about medical treatment and records from other providers, which is closer to *Thompson*'s description of a retained expert testifying about

information made known to him or her, rather than a treating doctor testifying about opinions based on that doctor's own treatment. In sum, the proposed testimony reflected other doctor's perceptions, not Dr. Patel's own perceptions.

In reviewing the federal counterpart to K.S.A. 60-226, federal courts in Kansas have differentiated between a treating doctor and a retained expert by looking at the basis for the proposed opinions. *Moore v. University of Kansas*, No. 14-2420-SAC, 2016 WL 1261041, at *2 (D. Kan. 2016) (unpublished opinion). They have found if the treating physician's proposed testimony includes information solely about his or her treatment of the patient, expert disclosures are not required. Yet, if the proposed testimony goes beyond information learned during the patient's treatment, then expert disclosures are required. 2016 WL 1261041, at *2. These courts look to "whether the medical opinions, conclusions and observations being offered by the treating physician necessarily played a role in his or her care and treatment of the plaintiff." *Jones v. Greyhound Lines, Inc.,* No. 08-1185-MLB-DWB, 2009 WL 2195760, at *3 (D. Kan. 2009) (unpublished opinion).

Applying that persuasive reasoning here reveals Dr. Patel's proposed opinions are not incidental to his treatment of Boos. His proposed opinions would depend on other doctors' treatment of Boos, not his own treatment during those two visits in 2016. In fact, even Boos' counsel admitted at the hearing on his initial motions that, if Dr. Patel were not designated as an expert, his testimony would be "extremely limited." Comparing the content of Dr. Patel's medical records with the proposed testimony reveals Boos' original characterization of Dr. Patel's proposed opinions as expert testimony which should have been timely disclosed was correct. The district court did not abuse its discretion in holding Dr. Patel's proposed testimony was not incidental opinion testimony related to his treatment of Boos.

*The district court did not abuse its discretion in dismissing Boos' lawsuit.*

On appeal, Boos mistakenly contends the district court dismissed his lawsuit as a sanction under K.S.A. 2020 Supp. 60-237(c) for failing to identify Dr. Patel as an expert witness in accordance with K.S.A. 2020 Supp. 60-226(b)(6). Actually the district court dismissed his case under K.S.A. 2020 Supp. 60-241(b)(1), which gives the court the discretion to involuntarily dismiss a case "[i]f the plaintiff fails to prosecute or to comply with [Chapter 60] or a court order. See *Green v. General Motors Corp.*, 56 Kan. App. 2d 732, 740, 437 P.3d 94 (2019).

After Boos moved to designate Dr. Patel as an expert well after the deadline and on the eve of trial, Marks moved to dismiss the lawsuit in his response. Once the district court denied Boos' motion to belatedly designate Dr. Patel, it considered the posture of the litigation. The court pointed to the long, tortured history of the litigation, including noting the case had first been filed elsewhere and had been continued several times. And yet, by the last trial setting, Boos admitted he still had no expert to testify as to causation for Boos' injuries or to explain those injuries to the jury.

The district court did not suggest that it was dismissing Boos' case under K.S.A. 2020 Supp. 60-237(c). At the hearing, the court did not focus on Boos' failure to comply with K.S.A. 2020 Supp. 60-226(b)(6) or dismiss the case as a sanction for this failure. Moreover, the journal entry of dismissal after this hearing specifically notes the district court dismissed the lawsuit under K.S.A. 2020 Supp. 60-241, rather than under K.S.A. 2020 Supp. 60-237(c).

Boos offers no reason why the district court's decision to dismiss this case under K.S.A. 2020 Supp. 60-241—after years of protracted litigation and Boos' admission that he did not have an expert to support his claimed injuries—was an abuse of discretion. Nor does he renew his claims regarding the constitutionality of the district court's

dismissal. We therefore find these claims are abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed are considered waived or abandoned). And we further note that Boos has not shown any practical prejudice by the district court's decision, as he essentially conceded that he could not prevail at trial without Dr. Patel's expert testimony.

Finally, we note that while this case was pending on appeal, Boos timely filed a Motion to Substitute Parties and Suggestion of Death with this court, indicating that Marks died in March 2021. See *Graham v. Herring*, 297 Kan. 847, 859-60, 305 P.3d 585 (2013) (motions to substitute parties under K.S.A. 60-225 must be brought within a reasonable time). At this time, the court is not aware of any estate that has been opened on Marks' behalf, nor has there been any request for dismissal. We therefore decline to rule on Boos' motion. Instead, we affirm the district court's decision and remand the case to the district court to consider the appropriate disposition of Boos' motion at the conclusion of this appeal. We do not retain jurisdiction of the case on remand.

Affirmed and remanded.