No. 119,044

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

AMIEL C. GREEN,
*Appellant*,

v.

GENERAL MOTORS CORP.,
*Appellee*.

SYLLABUS BY THE COURT

1.

Appellate courts review decisions of the Workers Compensation Board under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq.

2.

Various principles of statutory construction are stated and applied: (1) An appellate court must, as a first priority, strive to honor the legislative intent and purpose in enacting a statute; (2) a court should look initially to the words of a statute to discern legislative intent; (3) if particular language is open to more than one reasonable interpretation, a court may consider the overall statutory purpose and favor a reading that comes to a consistent, harmonious, and sensible result effectuating that purpose; and (4) judicial interpretation should avoid adding something to the statutory language or negating something already there.

3.

K.S.A. 2017 Supp. 44-523(f)(1), governing dismissal of workers compensation claims for lack of prosecution, is procedural and properly applied to claims pending when it became effective by amendment in 2011.

1

4.

 If a workers compensation claim does not proceed to a regular hearing, a settlement hearing, or an agreed award within three years after the filing of a hearing application, the employer may request dismissal for lack of prosecution under K.S.A. 2017 Supp. 44-523(f)(1). After receiving an employer's request, the administrative law judge must notify the claimant and set the matter for a hearing on whether the claim has been prosecuted.

5.

The Workers Compensation Act does not define failure to prosecute or lack of prosecution. Courts and the administrative agency, therefore, should look to the customary or usual meaning of the term for guidance. As a legal term, lack of prosecution entails a party's failure to pursue an action with due diligence and at least suggests indifference approaching abandonment of the cause.

6.

A dismissal for lack of prosecution under K.S.A. 2017 Supp. 44-523(f)(1) is with prejudice and, thus, operates as a bar to any recovery on the injured worker's claim.

7.

Dismissal with prejudice for lack of prosecution is typically considered a harsh result to be sparingly imposed. Factors bearing on dismissal with prejudice for lack of prosecution typically include the length of the delay in moving the case forward; reasons for the delay; what efforts had been made to prosecute the claim; the party's personal responsibility, if any, for the delay; and prejudice to the adverse party beyond the mere delay itself.

Appeal from Workers Compensation Board. Opinion filed February 8, 2019. Reversed and remanded with directions.

2

*Dennis L. Horner*, of Boyd, Kenter, Thomas & Parrish, LLC, of Olathe, for appellant.

*Kristina Mulvany*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellee.

Before GARDNER, P.J., ATCHESON and POWELL, JJ.

ATCHESON, J.: The Workers Compensation Board dismissed Amiel C. Green's claim against General Motors Corporation seeking benefits for an on-the-job injury. The Board found a lack of prosecution as provided in K.S.A. 2008 Supp. 44-523(f), despite Green's repeated requests for continuing treatment and temporary compensation. Green has appealed. The Board applied the wrong version of the statute. Under K.S.A. 2017 Supp. 44-523(f)(1), the correct version, lack of prosecution is determined differently and more favorably to Green. We, therefore, reverse and remand to the Board for further proceedings.

In short, K.S.A. 2008 Supp. 44-523(f) effectively created a categorical definition of lack of prosecution that covered Green's claim. The amended statute removes that unyielding—some would say procrustean—rule and affords injured workers a hearing to show why their claims should not be dismissed. On remand, the Board should see that Green gets a hearing.

*Factual and Procedural History*

Given the narrow issue at hand, we quickly sketch the relevant facts and procedural history. Green, an assembly line worker at General Motors, suffered repetitive-use injuries to both his hands and filed a claim for workers compensation benefits in early 2009. Green underwent multiple examinations and received various forms of treatment with less than optimal results. As part of the workers compensation

3

claims process, Green requested more than a dozen preliminary hearings beginning in 2009 seeking treatment, temporary benefits, or both. He had four preliminary hearings between 2013 and 2017. But the case neither settled nor progressed to a final hearing.

In July 2017, General Motors filed a motion to dismiss Green's claim for lack of prosecution. Relying on K.S.A. 2008 Supp. 44-523(f), the administrative law judge granted the motion. Green appealed to the Board. In a split decision, the Board affirmed the administrative law judge. The majority applied K.S.A. 2008 Supp. 44-523(f) and held the statutory language required dismissal. A dissenting board member would have applied K.S.A. 2012 Supp. 44-523(f)(1) and would have rejected the automatic dismissal of Green's claim for lack of prosecution. Green has appealed the Board's decision, and that is what we now consider.

*Standard of Review and Principles of Statutory Construction*

We review decisions of the Board under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq. There are no material facts in dispute, so we confront a question of law dependent upon the selection and construction of the governing version of K.S.A. 44-523. See *State v. Murdock*, 299 Kan. 312, 314, 323 P.3d 846 (2014) (interpretation of statute a question of law given unlimited review on appeal); *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 258-59, 261 P.3d 943 (2011) (absent material factual disputes, issues typically present questions of law). Under the KJRA, we may reverse an administrative agency decision that "has erroneously interpreted or applied the law." K.S.A. 2017 Supp. 77-621(c)(4). Appellate courts owe no deference to the Board's statutory interpretation of the Workers Compensation Act. *Fernandez v. McDonald's*, 296 Kan. 472, 475, 292 P.3d 311 (2013).

In a recent case involving the Workers Compensation Act, we laid out guiding principles for statutory interpretation:

4

"In construing a comprehensive statutory scheme such as the Workers Compensation Act, an appellate court must, as a first priority, strive to honor the legislative intent and purpose. *In re Marriage of Traster*, 301 Kan. 88, 98, 339 P.3d 778 (2014). The court should look initially to the words of a statute to discern legislative intent. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 725-26, 317 P.3d 70 (2014). If particular language is open to more than one reasonable interpretation, a court may consider the overall statutory purpose and favor a reading that comes to a 'consistent, harmonious, and sensible' result effectuating that purpose. *In re Marriage of Traster*, 301 Kan. at 98. Judicial interpretation should avoid adding something to the statutory language or negating something already there. *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, Syl. ¶ 6, 154 P.3d 494 (2007). A court, of course, may also deploy those analytical tools to debunk a suggested interpretation of a statute as improbable, particularly when the suggestion would undermine a legislative purpose. See *State v. James*, 301 Kan. 898, 903, 349 P.3d 457 (2015) (court should construe statute 'to avoid unreasonable or absurd results')." *Travelers Cas. Insurance v. Karns*, 56 Kan. App. 2d 388, 393, 431 P.3d 301 (2018).

*Retroactivity:  Determining the Applicable Version of K.S.A. 44-523*

The threshold issue here is whether K.S.A. 2008 Supp. 44-523(f) or K.S.A. 2017 Supp. 44-523(f)(1) applies to Green's claim. In its brief, General Motors characterizes the two versions of the statute and the differences between them as fundamentally procedural, so the version in effect in 2017 when it moved to dismiss the claim should govern. We agree with that proposition, subject to a limited qualification immaterial to Green's claim. See *Norris v. Kansas Employment Security Bd. of Review*, 303 Kan. 834, 841-42, 367 P.3d 1252 (2016) (procedural statute applies to cases pending when it goes into effect).  General Motors, however, submits Green's claim must be dismissed under either version of 44-523(f) and then focuses on K.S.A. 2008 Supp. 44-523(f), consistent with the Board's decision. We disagree with that proposition.

5

Each version of 44-523(f) provides an employer with a vehicle to request dismissal of a claim that has not progressed to one of several identified stages in the adjudicatory process within a fixed time. A dismissal for lack of prosecution has nothing to do with the underlying merits of the claim and turns on the alacrity (or lack thereof) with which it has proceeded through the administrative process. Each version of the statute also outlines the mechanisms, involving various combinations of motions and hearings, for raising and resolving lack of prosecution. We examine how the particular procedures operate later. The statute, thus, imposes a limitations period—not for bringing a claim but for substantially advancing the administrative adjudication of one. And the statute establishes methods for addressing dismissal for lack of prosecution. Those are hallmarks of a procedural statute that should be applied retroactively. See *State v. Spencer Gifts*, 304 Kan. 755, 769, 374 P.3d 680 (2016) (statute of limitations considered procedural); *Norris*, 303 Kan. at 841-42 (procedural statute entails "machinery" or "mode" for adjudicating legal dispute rather than defining substantive rights or claims).

Given the purpose and operation of 44-523(f), we find the statute to be procedural rather than substantive with respect to claims, like Green's, filed after K.S.A. 2008 Supp. 44-523(f) went into effect and that remained pending when the amendments in K.S.A. 2017 Supp. 44-523(f)(1) became effective in 2011. Accordingly, K.S.A. 2017 Supp. 44-523(f)(1) governs Green's claim. In that respect, the Board erred.

*Statutory Construction:  Tracking Changes in K.S.A. 44-523*

To explain why K.S.A. 2017 Supp. 44-523(f)(1) requires reversal of the Board's decision, we begin by looking at K.S.A. 2008 Supp. 44-523(f) and then contrasting its provisions with those of K.S.A. 2017 Supp. 44-523(f)(1). As a practical matter, we simply explain our disagreement with General Motors' suggestion that the two versions of the statute have the same impact on Green's claim.

6

We start with K.S.A. 2008 Supp. 44-523(f), the version the Board applied:

"Any claim that has not proceeded to final hearing, a settlement hearing, or an agreed award under the workers compensation act within five years from the date of filing an application for hearing pursuant to K.S.A. 44-534, and amendments thereto, shall be dismissed by the administrative law judge for lack of prosecution. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the five year limitation provided for herein. This section shall not affect any future benefits which have been left open upon proper application by an award or settlement." K.S.A. 2008 Supp. 44-523(f).

The first sentence is particularly relevant here. It imposes a categorical rule of dismissal. An administrative law judge must dismiss a claim for lack of prosecution if there has been no regular hearing, settlement hearing, or agreed upon resolution within five years of claimant's initial filing for a hearing. Under K.S.A. 44-534, any party may file for a hearing if a claim for benefits cannot be resolved by agreement; the filing initiates the agency adjudicatory process with an assignment of the claim to an administrative law judge for further proceedings.

We see no basis for assuming the Legislature intended the statutory "shall" in K.S.A. 2008 Supp. 44-523(f)—commanding the administrative law judge to dismiss a claim—to be read other than in its customary way as compelling a mandatory act. See *Gannon v. State*, 298 Kan. 1107, 1141, 319 P.3d 1196 (2014). So K.S.A. 2008 Supp. 44-523(f) functionally defined "lack of prosecution" requiring dismissal as the failure of a claim to reach a regular or settlement hearing or to be resolved with an agreed award within five years of filing. Green's claim indisputably remained open; there never was a regular hearing, a settlement hearing, or an agreed award. The preliminary hearings

7

Green sought and received are different and do not satisfy the statute. See K.S.A. 2017 Supp. 44-534a (scope of preliminary hearings).

The statutory ground requiring dismissal of a claim for lack of prosecution is clear and unyielding, save for a timely request for an extension that may or may not be granted. The procedure for seeking an extension is set out in the second sentence of K.S.A. 2008 Supp. 44-523(f). That limited exception to dismissal allows an administrative law judge to retain a claim for "good cause" if the injured worker makes a request within the five-year period. Green did not make a qualifying request.

In short, if K.S.A. 2008 Supp. 44-523(f) were to govern Green's claim, the administrative law judge and the Board correctly dismissed his claim. The Board majority bridled at the result it reached in this case and explained it "would rather treat actively prosecuted claims as an exception to the dismissal required by K.S.A. 2008 Supp. 44-523(f)."

As we have said, the Board should have applied K.S.A. 2017 Supp. 44-523(f)(1) because the statute is procedural and that version had been in effect for several years when General Motors sought to dismiss Green's claim. The Legislature substantially revamped the Workers Compensation Act in 2011, including amendments to K.S.A. 44-523. The amended version, K.S.A. 2017 Supp. 44-523(f)(1), provides:

> "In any claim that has not proceeded to a regular hearing, a settlement hearing, or an agreed award under the workers compensation act within three years from the date of filing an application for hearing pursuant to K.S.A. 44-534, and amendments thereto, the employer shall be permitted to file with the division an application for dismissal based on lack of prosecution. The matter shall be set for hearing with notice to the claimant's attorney, if the claimant is represented, or to the claimant's last known address. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical

8

improvement, provided such motion to extend is filed prior to the three year limitation provided for herein. If the claimant cannot establish good cause, the claim shall be dismissed with prejudice by the administrative law judge for lack of prosecution. Such dismissal shall be considered a final disposition at a full hearing on the claim for purposes of employer reimbursement from the fund pursuant to subsection (b) of K.S.A. 44-534a, and amendments thereto."

Again, the first sentence of the amended statute is paramount and effectively controls the immediate fate of Green's claim. The opening sentence provides that if a claim does not proceed to a regular hearing, a settlement hearing, or an agreed award within three years after the filing of a hearing application, the employer may request dismissal for lack of prosecution. After receiving the employer's request, the administrative law judge must notify the claimant and set the matter for a hearing on whether the claim has been prosecuted.

Under K.S.A. 2017 Supp. 44-523(f)(1), the delay in bringing a claim to one of the designated hearings or an agreed resolution simply affords the employer the option to ask for dismissal—triggering a hearing on whether there has been a lack of prosecution. That's markedly different from K.S.A. 2008 Supp. 44-523(f). As we have explained, under the earlier version of the statute, the delay mandated dismissal of the claim. Conversely, under K.S.A. 2017 Supp. 44-523(f)(1), the lapse of time without a hearing or agreed award no longer codifies or defines what constitutes "lack of prosecution." It merely marks the threshold for an employer to present an argument for dismissal based on a lack of prosecution.

The change eliminates the patent unfairness the Board perceived in dismissing a claim, such as Green's, where a final disposition appears to have been put off because of the nature of the injury rather than because of inattention on the claimant's part. We may presume the Legislature meant to reform the operation of K.S.A. 2008 Supp. 44-523(f) through the 2011 amendment by replacing mandatory dismissal with a hearing designed

9

to assess the circumstances of a particular claim and its handling. See *Brennan v. Kansas Insurance Guaranty Ass'n*, 293 Kan. 446, 458, 264 P.3d 102 (2011) (courts typically presume Legislature intended statutory amendment to alter operation or effect of statute). On the whole, adjudicatory processes ought to prefer merits based resolutions to indiscriminate, if ruthlessly efficient, dispositions grounded in procedural rules—an objective advanced in K.S.A. 2017 Supp. 44-523(f)(1). See *Fisher v. DeCarvalho*, 298 Kan. 482, 500, 314 P.3d 214 (2013) ("litigants should not be unnecessarily penalized for the simple neglect of their attorney[s]"); *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. 490, 495, 781 P.2d 1077 (1989) (Although default may be necessary when a party's "inaction . . . frustrates the orderly administration of justice," the courts should "resolve any doubt in favor of" a decision on the merits.); *In re Estate of Moore*, 53 Kan. App. 2d 667, 693, 390 P.3d 551 (Atcheson, J., concurring) ("Absolute rules do have a certain sheen emanating from their very absoluteness: . . . the result requires no debate and brooks no deviation[;] . . . [b]ut eventually some unanticipated set of facts will rear up to demonstrate the rule to be less than entirely fair in its unforgiving rigidity."), *rev. granted* 307 Kan. 987 (2017).

The Workers Compensation Act does not formally define failure to prosecute or lack of prosecution. And K.S.A. 2017 Supp. 44-523(f)(1) removed the functional definition imposed through the mandatory rule for dismissal in K.S.A. 2008 Supp. 44-523(f). Courts and the administrative agency, therefore, should now look to the customary or usual meaning of the term for guidance. *Sandifer v. United States Steel Corp.*, 571 U.S. 220, 227, 134 S. Ct. 870, 187 L. Ed. 2d 729 (2014); *Garetson Brothers v. American Warrior, Inc.*, 51 Kan. App. 2d 370, 383, 347 P.3d 687 (2015). As a legal term, lack of prosecution entails a party's failure to pursue an action with due diligence and at least suggests indifference approaching abandonment of the cause. See *Coutts v. Crider*, 219 Kan. 692, 700, 549 P.2d 1019 (1976) (district court properly dismissed action by lawyer to collect unpaid fee from former client where parties exchanged interrogatories and nothing further happened in case for six years); *Namelo v. Broyles*, 33 Kan. App. 2d

10

349, 356-57, 103 P.3d 486 (2004) (district court properly dismissed case pending for six years for lack of prosecution when plaintiff had only responded to interrogatories after an order to compel and had failed to agree to deposition schedule). A leading commentator has described the term this way: "Dismissal for failure to prosecute ordinarily depends on whether, under the facts and circumstances of the particular case, the plaintiff is chargeable with want of due diligence in failing to proceed with reasonable promptness." 24 Am. Jur. 2d, Dismissal, Discontinuance, and Nonsuit § 65 (2018 ed.).

A dismissal for lack of prosecution under K.S.A. 2017 Supp. 44-523(f)(1) is with prejudice and, thus, operates as a bar to any recovery on the injured worker's claim. By way of comparison, under the Kansas Code of Civil Procedure, a district court may dismiss a civil action for failure to prosecute without a request so long as the plaintiff is given notice and an opportunity to be heard. The dismissal is, however, without prejudice to the action being refiled. K.S.A. 2017 Supp. 60-241(b)(2). If a defendant moves for dismissal, the district court may grant the motion with or without prejudice in its discretion. K.S.A. 2017 Supp. 60-241(b)(1). Dismissal with prejudice for lack of prosecution is typically considered a harsh result to be sparingly imposed. See *McGinnis v. Steeleman*, 199 So. 3d 69, 72-73 (Ala. Civ. App. 2015); *Hunter v. Gang*, 377 P.3d 448, 455-56 (Nev. App. 2016); *Cotter v. Dias*, 130 A.3d 164, 169 (R.I. 2016); 24 Am. Jur. 2d, Dismissal § 63. Factors bearing on the determination typically include the length of the delay in moving the case forward; reasons for the delay; what efforts had been made to prosecute the claim; the party's personal responsibility, if any, for the delay; and prejudice to the adverse party beyond the mere delay itself. *Landise v. Mauro*, 141 A.3d 1067, 1077 (D.C. App. 2016); *Strong v. Intermountain Anesthesia, P.A.*, 160 Idaho 27, 31, 368 P.3d 647 (2016); 24 Am. Jur. 2d, Dismissal §§ 64 and 65; cf. *Namelo*, 33 Kan. App. 2d at 357 (court broadly considers "the circumstances presented in this case" in affirming dismissal for failure to prosecute).

11

We offer several other observations about K.S.A. 2017 Supp. 44-523(f)(1) before turning briefly to remedy.

First, K.S.A. 2017 Supp. 44-523(f)(1) retains a claimant's right to file a motion to avert dismissal for lack of prosecution by demonstrating good cause for the failure to progress to hearing or to obtain an agreed award. Under K.S.A. 2017 Supp. 44-523(f)(1), the claimant must request an extension of time within the three-year period and, thus, presumably before the employer files a motion to dismiss. In certain circumstances, we suppose a claimant might perceive some benefit in preemptively joining the issue of potential lack of prosecution by seeking an extension rather than awaiting an employer's motion to dismiss. We also suppose those circumstances may be comparatively rare.

Second, K.S.A. 2017 Supp. 44-523(f)(1) shortens the time period for engaging the issue of lack of prosecution from five years to three years. The change makes no difference in this case, since Green didn't act within either period. Although K.S.A. 2017 Supp. 44-523(f)(1) is a procedural statute, the longer period may constitute a vested right for injured workers with claims pending in 2011 when the time was shortened. See *White v. State*, 308 Kan. 491, 498-99, 421 P.3d 718 (2018) (statute of limitations deemed procedural, but change that "eradicates" vested right in time period not applied retroactively). This appeal does not involve that aspect of the statute.[*]

[*]Before the Legislature enacted K.S.A. 2006 Supp. 44-523(f) in 2006, the Workers Compensation Act contained no express authority permitting dismissal of a claim for lack of prosecution. We assume the new statutory provision could not have been applied to claims for injuries occurring before 2006 on the theory it impinged on an injured worker's vested right not to be denied benefits for that reason. See *Welty v. U.S.D. No. 259*, 48 Kan. App. 2d 797, Syl. ¶ 6, 302 P.3d 1080 (2012) (declining to give retroactive application to K.S.A. 2006 Supp. 44-523[f] to bar claims arising from injuries predating statute). More than a decade later, we are inclined to believe all of those claims have been resolved, rendering that particular question purely an academic one.

Finally, we also mention *Knoll v. Olathe School District No. 233*, 54 Kan. App. 2d 335, 341-42, 398 P.3d 223, *rev. granted* 306 Kan. 1319 (2017). In that case, the panel concluded the three-year time limit in K.S.A. 2016 Supp. 44-523(f)(1) could be applied retroactively. The opinion focused on the retroactivity issue and, without any detailed discussion, also concluded that K.S.A. 2016 Supp. 44-523(f)(1) operated in the same way as K.S.A. 2009 Supp. 44-523(f) to require dismissal of claims for lack of prosecution. Having closely considered the procedural processes for dismissing claims in both versions of the statute, we have come to a different conclusion on that point. We are free to do so. One panel of this court is not bound to follow an earlier published opinion of another panel. See *State v. Urban*, 291 Kan. 214, 223, 239 P.3d 837 (2010); *Osterhaus v. Toth*, 39 Kan. App. 2d 999, 1008, 187 P.3d 126 (2008), *aff'd on other grounds* 291 Kan. 759, 249 P.3d 888 (2011). In addition, the Kansas Supreme Court's decision to grant review in *Knoll* vacates the panel's opinion, depriving it of precedential authority. Supreme Court Rule 8.03(k)(2) (2019 S. Kan. Ct. R. 60) (Upon a grant of review, a Court of Appeals' opinion "has no force or effect.").

*Conclusion and Remedy*

To sum up, the Board applied the wrong version of 44-523(f) in affirming the dismissal of Green's claim. Under K.S.A. 2017 Supp. 44-523(f)(1), the correct version, General Motors is entitled to a hearing to determine if Green has failed to advance his claim consistent with the common understanding of what constitutes a lack of prosecution warranting dismissal with prejudice. The parties have not had the opportunity to offer evidence or legal argument bearing on the issue. On remand, the Board should afford them that opportunity in an appropriate forum.

Reversed and remanded to the Board with directions.