NOT DESIGNATED FOR PUBLICATION

No. 119,044

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

AMIEL C. GREEN,
*Appellant*,

v.

GENERAL MOTORS CORP.,
*Appellee*.

Appeal from Workers Compensation Board. Opinion on remand filed February 25, 2022.
Affirmed.

*Dennis L. Horner*, of Boyd, Kenter, Thomas & Parrish, LLC, of Olathe, for appellant.

*Kristina Mulvany*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellee.

Before GARDNER, P.J., ATCHESON and POWELL, JJ.

ATCHESON, J.:  Based on what seems to have been a substantial amendment to K.S.A. 44-523(f)(1) in 2011, we held that Amiel C. Green was entitled to a hearing before his workers compensation claim against General Motors Corporation was dismissed with prejudice for an ostensible failure to prosecute. We concluded the change in statutory language eliminated a categorical rule requiring the dismissal of workers compensation claims after a fixed period of years, even if they were actively pursued, as Green has done in this case. *Green v. General Motors Corp.*, 56 Kan. App. 2d 732, 733, 437 P.3d 94 (2019) (*Green I*). The Workers Compensation Board branded the earlier inflexible rule "clearly harsh" and chafed at having to apply it. See *Green v. General Motors Corp.*, No. 1,044,211, 2018 WL 1176256, at *2-3 (Kan. Work. Comp. App. Bd. February 27, 2018).

1

General Motors didn't see things that way and filed a petition for review of *Green I*. The Kansas Supreme Court granted the petition, summarily vacated our opinion, and remanded in a one-paragraph order directing us, without further explanation, to reconsider our determination in light of *Glaze v. J.K. Williams*, 309 Kan. 562, 439 P.3d 920 (2019), and *Knoll v. Olathe School District No. 233*, 309 Kan. 578, 439 P.3d 313 (2019), two opinions issued after *Green I*. We asked the parties to brief how those cases affected Green's claim. They have done so.

Given the broadly phrased single syllabus point in *Glaze*, we are constrained by the force of stare decisis to now deny relief to Green and affirm the dismissal of his claim for a failure to prosecute. See K.S.A. 20-203 (syllabus of "the points of law decided in any case" shall be included with opinions of Supreme Court); see also *Northern Natural Gas Producing Co. v. McCoy*, 195 Kan. 133, 403 P.2d 128 (1965) (three-paragraph per curiam opinion reverses district court because "syllabus and corresponding part" of earlier decision "controls . . . the present case"); *Allied Mutual Ins. Co. v. McAuley*, No. 68,620, 1993 WL 13965917, at *2 (Kan. App. 1993) (unpublished opinion) ("The syllabus is a summary of the points of law decided in the case . . . and may be cited as law."). But *Glaze* addressed a different part of K.S.A. 2011 Supp. 44-523(f)(1) and never discussed the amended language we examined and construed in *Green I*. We remain of the view that the better application of the statute favors the result we previously reached and would allow Green to explain why he should be permitted to move ahead with his claim. We, of course, cannot disregard a controlling opinion of the Kansas Supreme Court. See *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 629-30, 349 P.3d 1283 (2015).

ANALYSIS

The facts pertinent to the issues on appeal are both quite limited and undisputed. We borrow them from *Green I*:

"Green, an assembly line worker at General Motors, suffered repetitive-use injuries to both his hands and filed a claim for workers compensation benefits in early 2009. Green underwent multiple examinations and received various forms of treatment with less than optimal results. As part of the workers compensation claims process, Green requested more than a dozen preliminary hearings beginning in 2009 seeking treatment, temporary benefits, or both. He had four preliminary hearings between 2013 and 2017. But the case neither settled nor progressed to a final hearing.

"In July 2017, General Motors filed a motion to dismiss Green's claim for lack of prosecution. Relying on K.S.A. 2008 Supp. 44-523(f), the administrative law judge granted the motion. Green appealed to the Board. In a split decision, the Board affirmed the administrative law judge. The majority applied K.S.A. 2008 Supp. 44-523(f) and held the statutory language required dismissal. A dissenting board member would have applied K.S.A. 2012 Supp. 44-523(f)(1) and would have rejected the automatic dismissal of Green's claim for lack of prosecution." 56 Kan. App. 2d at 733-34.

Because the facts are undisputed and the resolution of Green's appeal rests on how K.S.A. 44-523(f) should be applied, we addressed a question of law in *Green I* and do so now. Although the case comes to us through the Kansas Judicial Review Act, K.S.A. 77-601 et seq., we owe no particular deference to the Board in deciding questions of law generally and construing the Workers Compensation Act particularly. See K.S.A. 77-621(c)(4) (reviewing court may reverse administrative agency decision that "has erroneously interpreted or applied the law"); see also *Fernandez v. McDonald's*, 296 Kan. 472, 475, 292 P.3d 311 (2013) (appellate courts owe no deference to Board's statutory interpretation of Workers Compensation Act).

This appeal presented a threshold issue for us in *Green I* as to whether the May 2011 amendments of K.S.A. 44-523(f) apply to the claim. Under the earlier version of the statute, Green's claim automatically had to be dismissed for a failure to prosecute. As we construed the amended version, Green was entitled to a hearing before an administrative

3

law judge on the issue. We held that because Green's claim remained pending when the statute was amended in 2011, he received the benefit of the apparent changes. *Green I*, 56 Kan. App. 2d 732, Syl. ¶ 3. We viewed the language governing the method for dismissing a claim for lack of prosecution to be procedural, and General Motors agreed in its briefing to us. 56 Kan. App. 2d at 735.

On this point, we see *Knoll* as consistent (or at least not in conflict) with our assessment. 309 Kan. at 583. In *Glaze*, the amended version of K.S.A. 2011 Supp. 44-523(f)(1) indisputably applied because the workplace injury happened after the change went into effect—so the court did not discuss the point. See 309 Kan. at 574 (Rosen, J., dissenting) (2011 amendment in effect before Glaze was injured); see also *Glaze v. J.K. Williams*, No. 1,063,419, 2016 WL 2619518, at *1 (Kan. Work. Comp. App. Bd. April 11, 2016) (Glaze injured on August 26, 2011).

The remaining (and pivotal) issue, then, is how the 2011 amendments to K.S.A. 44-523(f) impacted Green's claim. To elaborate on our resolution of the claim on remand, we set out what we decided in *Green I* and then what the Kansas Supreme Court later decided in *Glaze*. We again borrow directly from *Green I*:

> "To explain why K.S.A. 2017 Supp. 44-523(f)(1) requires reversal of the Board's decision, we begin by looking at K.S.A. 2008 Supp. 44-523(f) and then contrasting its provisions with those of K.S.A. 2017 Supp. 44-523(f)(1). As a practical matter, we simply explain our disagreement with General Motors' suggestion that the two versions of the statute have the same impact on Green's claim.
>
> "We start with K.S.A. 2008 Supp. 44-523(f), the version the Board applied:
>
>> "'Any claim that has not proceeded to final hearing, a settlement hearing, or an agreed award under the workers compensation act within five years from the date of filing an application for hearing pursuant to

K.S.A. 44-534, and amendments thereto, shall be dismissed by the administrative law judge for lack of prosecution. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the five year limitation provided for herein. This section shall not affect any future benefits which have been left open upon proper application by an award or settlement.' K.S.A. 2008 Supp. 44-523(f).

The first sentence is particularly relevant here. It imposes a categorical rule of dismissal. An administrative law judge must dismiss a claim for lack of prosecution if there has been no regular hearing, settlement hearing, or agreed upon resolution within five years of claimant's initial filing for a hearing. Under K.S.A. 44-534, any party may file for a hearing if a claim for benefits cannot be resolved by agreement; the filing initiates the agency adjudicatory process with an assignment of the claim to an administrative law judge for further proceedings.

"We see no basis for assuming the Legislature intended the statutory 'shall' in K.S.A. 2008 Supp. 44-523(f)—commanding the administrative law judge to dismiss a claim—to be read other than in its customary way as compelling a mandatory act. See *Gannon v. State*, 298 Kan. 1107, 1141, 319 P.3d 1196 (2014). So K.S.A. 2008 Supp. 44-523(f) functionally defined 'lack of prosecution' requiring dismissal as the failure of a claim to reach a regular or settlement hearing or to be resolved with an agreed award within five years of filing. Green's claim indisputably remained open; there never was a regular hearing, a settlement hearing, or an agreed award. The preliminary hearings Green sought and received are different and do not satisfy the statute. See K.S.A. 2017 Supp. 44-534a (scope of preliminary hearings).

"The statutory ground requiring dismissal of a claim for lack of prosecution is clear and unyielding, save for a timely request for an extension that may or may not be granted. The procedure for seeking an extension is set out in the second sentence of K.S.A. 2008 Supp. 44-523(f). That limited exception to dismissal allows an administrative law judge to retain a claim for 'good cause' if the injured worker makes a request within the five-year period. Green did not make a qualifying request.

5

"In short, if K.S.A. 2008 Supp. 44-523(f) were to govern Green's claim, the administrative law judge and the Board correctly dismissed his claim. The Board majority bridled at the result it reached in this case and explained it 'would rather treat actively prosecuted claims as an exception to the dismissal required by K.S.A. 2008 Supp. 44-523(f).'

"As we have said, the Board should have applied K.S.A. 2017 Supp. 44-523(f)(1) because the statute is procedural and that version had been in effect for several years when General Motors sought to dismiss Green's claim. The Legislature substantially revamped the Workers Compensation Act in 2011, including amendments to K.S.A. 44-523. The amended version, K.S.A. 2017 Supp. 44-523(f)(1), provides:

> "'In any claim that has not proceeded to a regular hearing, a settlement hearing, or an agreed award under the workers compensation act within three years from the date of filing an application for hearing pursuant to K.S.A. 44-534, and amendments thereto, the employer shall be permitted to file with the division an application for dismissal based on lack of prosecution. The matter shall be set for hearing with notice to the claimant's attorney, if the claimant is represented, or to the claimant's last known address. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the three year limitation provided for herein. If the claimant cannot establish good cause, the claim shall be dismissed with prejudice by the administrative law judge for lack of prosecution. Such dismissal shall be considered a final disposition at a full hearing on the claim for purposes of employer reimbursement from the fund pursuant to subsection (b) of K.S.A. 44-534a, and amendments thereto.'"

Again, the first sentence of the amended statute is paramount and effectively controls the immediate fate of Green's claim. The opening sentence provides that if a claim does not proceed to a regular hearing, a settlement hearing, or an agreed award within three years

6

after the filing of a hearing application, the employer may request dismissal for lack of prosecution. After receiving the employer's request, the administrative law judge must notify the claimant and set the matter for a hearing on whether the claim has been prosecuted.

"Under K.S.A. 2017 Supp. 44-523(f)(1), the delay in bringing a claim to one of the designated hearings or an agreed resolution simply affords the employer the option to ask for dismissal—triggering a hearing on whether there has been a lack of prosecution. That's markedly different from K.S.A. 2008 Supp. 44-523(f). As we have explained, under the earlier version of the statute, the delay mandated dismissal of the claim. Conversely, under K.S.A. 2017 Supp. 44-523(f)(1), the lapse of time without a hearing or agreed award no longer codifies or defines what constitutes 'lack of prosecution.' It merely marks the threshold for an employer to present an argument for dismissal based on a lack of prosecution.

"The change eliminates the patent unfairness the Board perceived in dismissing a claim, such as Green's, where a final disposition appears to have been put off because of the nature of the injury rather than because of inattention on the claimant's part. We may presume the Legislature meant to reform the operation of K.S.A. 2008 Supp. 44-523(f) through the 2011 amendment by replacing mandatory dismissal with a hearing designed to assess the circumstances of a particular claim and its handling. See *Brennan v. Kansas Insurance Guaranty Ass'n*, 293 Kan. 446, 458, 264 P.3d 102 (2011) (courts typically presume Legislature intended statutory amendment to alter operation or effect of statute). On the whole, adjudicatory processes ought to prefer merits based resolutions to indiscriminate, if ruthlessly efficient, dispositions grounded in procedural rules—an objective advanced in K.S.A. 2017 Supp. 44-523(f)(1). See *Fisher v. DeCarvalho*, 298 Kan. 482, 500, 314 P.3d 214 (2013) ('litigants should not be unnecessarily penalized for the simple neglect of their attorney[s]'); *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. 490, 495, 781 P.2d 1077 (1989) (Although default may be necessary when a party's 'inaction . . . frustrates the orderly administration of justice,' the courts should 'resolve any doubt in favor of' a decision on the merits.); *In re Estate of Moore*, 53 Kan. App. 2d 667, 693, 390 P.3d 551 (Atcheson, J., concurring) ('Absolute rules do have a certain sheen emanating from their very absoluteness: . . . the result requires no debate and brooks no deviation[;] . . . [b]ut eventually some unanticipated set of facts will rear

7

up to demonstrate the rule to be less than entirely fair in its unforgiving rigidity.'), *rev. granted* 307 Kan. 987 (2017).

"The Workers Compensation Act does not formally define failure to prosecute or lack of prosecution. And K.S.A. 2017 Supp. 44-523(f)(1) removed the functional definition imposed through the mandatory rule for dismissal in K.S.A. 2008 Supp. 44-523(f). Courts and the administrative agency, therefore, should now look to the customary or usual meaning of the term for guidance. *Sandifer v. United States Steel Corp.*, 571 U.S. 220, 227, 134 S. Ct. 870, 187 L. Ed. 2d 729 (2014); *Garetson Brothers v. American Warrior, Inc.*, 51 Kan. App. 2d 370, 383, 347 P.3d 687 (2015). As a legal term, lack of prosecution entails a party's failure to pursue an action with due diligence and at least suggests indifference approaching abandonment of the cause. See *Coutts v. Crider*, 219 Kan. 692, 700, 549 P.2d 1019 (1976) (district court properly dismissed action by lawyer to collect unpaid fee from former client where parties exchanged interrogatories and nothing further happened in case for six years); *Namelo v. Broyles*, 33 Kan. App. 2d 349, 356-57, 103 P.3d 486 (2004) (district court properly dismissed case pending for six years for lack of prosecution when plaintiff had only responded to interrogatories after an order to compel and had failed to agree to deposition schedule). A leading commentator has described the term this way: 'Dismissal for failure to prosecute ordinarily depends on whether, under the facts and circumstances of the particular case, the plaintiff is chargeable with want of due diligence in failing to proceed with reasonable promptness.' 24 Am. Jur. 2d, Dismissal, Discontinuance, and Nonsuit § 65 (2018 ed.).

"A dismissal for lack of prosecution under K.S.A. 2017 Supp. 44-523(f)(1) is with prejudice and, thus, operates as a bar to any recovery on the injured worker's claim. By way of comparison, under the Kansas Code of Civil Procedure, a district court may dismiss a civil action for failure to prosecute without a request so long as the plaintiff is given notice and an opportunity to be heard. The dismissal is, however, without prejudice to the action being refiled. K.S.A. 2017 Supp. 60-241(b)(2). If a defendant moves for dismissal, the district court may grant the motion with or without prejudice in its discretion. K.S.A. 2017 Supp. 60-241(b)(1). Dismissal with prejudice for lack of prosecution is typically considered a harsh result to be sparingly imposed. See *McGinnis v. Steeleman*, 199 So. 3d 69, 72-73 (Ala. Civ. App. 2015); *Hunter v. Gang*, 377 P.3d 448, 455-56 (Nev. App. 2016); *Cotter v. Dias*, 130 A.3d 164, 169 (R.I. 2016); 24 Am. Jur. 2d,

Dismissal § 63. Factors bearing on the determination typically include the length of the delay in moving the case forward; reasons for the delay; what efforts had been made to prosecute the claim; the party's personal responsibility, if any, for the delay; and prejudice to the adverse party beyond the mere delay itself. *Landise v. Mauro*, 141 A.3d 1067, 1077 (D.C. App. 2016); *Strong v. Intermountain Anesthesia, P.A.*, 160 Idaho 27, 31, 368 P.3d 647 (2016); 24 Am. Jur. 2d, Dismissal §§ 64 and 65; cf. *Namelo*, 33 Kan. App. 2d at 357 (court broadly considers 'the circumstances presented in this case' in affirming dismissal for failure to prosecute)." 56 Kan. App. 2d at 736-41.

In *Green I*, we focused on the first sentence of K.S.A. 2017 Supp. 44-523(f)(1) and the substantial legislative changes to that language in 2011. See L. 2011, ch. 55, § 17. As we pointed out, a significant modification presumptively signals legislative intent to alter the statute's operation. *Brennan*, 293 Kan. at 458; see also *State v. Letterman*, 60 Kan. App. 2d 222, 228, 492 P.3d 1196 (2021); Scalia & Garner, Reading Law: The Interpretation of Legal Texts 256 (2012) ("If the legislature amends or reenacts a provision other than by way of a consolidating statute or restyling project, a significant change in the language is presumed to entail a change in meaning."). A legislative change also fits with ameliorating the statute's unfairness and the backdrop of criticism leveled at the earlier version of K.S.A. 44-523(f) for requiring the dismissal with prejudice of claims being actively pursued merely because of the passage of time. In *Green I*, we also endeavored to explain how the amendment of the first sentence affected the balance of the subsection.

In *Glaze*, the parties and a deeply divided court debated the import of the third sentence in the 2011 version of K.S.A. 44-523(f)(1) and the implication of the Legislature's decision to cut the time for a claimant to request an extension for good cause from five years to three years. Glaze requested an extension more than three years after filing his claim. Four members of the court, including an assigned district court judge, held Glaze had failed to make a timely request for an extension. 309 Kan. at 569. Justice Rosen, joined by Justices Johnson and Biles, dissented, arguing the extension

could be sought at any time but a claimant could take advantage of the conclusive presumption of good cause only if he or she made the request before the three-year mark. 309 Kan. at 569 (Rosen, J., dissenting).

The judicial debate in *Glaze* fell into an exceptionally detailed give-and-take over the precise wording and punctuation of the third sentence and a hypothetical about when a baseball fan with a ticket for a rained-out game might be entitled to see another game as a substitute. The two sides never discuss how the third sentence fits into the subsection or interplays with the amended first sentence, ostensibly eliminating the categorical dismissal of claims after a fixed number of years. So the amendment that was the focus in *Green I* essentially goes unaddressed in the *Glaze* majority opinion.

Nonetheless, the *Glaze* opinion yielded a single syllabus point that reads: "Under K.S.A. 2011 Supp. 44-523(f)(1), a workers compensation claimant must move for an extension within three years of filing an application for hearing if the claim is to survive a proper motion to dismiss." 309 Kan. 562, Syl. We take the syllabus to mean that a claimant has to seek an extension within the three-year period as a necessary condition to overcome an employer's motion to dismiss for a failure to prosecute. In other words, the employer's motion *must* be granted as a matter of law if the claimant does not request an extension. That's the upshot of the "if" clause at the end of the syllabus. But the *Glaze* majority never explains where that conclusion comes from in the statutory language. The closest approximation is an otherwise unadorned reference to the Court of Appeals opinion. 309 Kan. at 569.

A panel of our court dismissed Glaze's argument about the first sentence of K.S.A. 2011 Supp. 44-523(f)(1) in a single paragraph that treated the fourth sentence of the subsection—requiring dismissal "'if the claimant cannot establish good cause'"—as governing both an employer's motion to dismiss for lack of prosecution brought under the first sentence and a claimant's motion for an extension under the third sentence. *Glaze v.*

10

*J.K. Williams*, 53 Kan. App. 2d 712, 716, 390 P.3d 116 (2017), *aff'd* 309 Kan. 562, 439 P.3d 920 (2019). But the fourth sentence more logically applies only to the third sentence and a claimant's motion to establish good cause. Those two sentences are linked through their reference to "good cause," the standard governing a claimant's requested extension. The fifth and final sentence of the subsection directs that "[s]uch dismissal shall be considered a final disposition at a full hearing . . . ." K.S.A. 2011 Supp. 44-523(f)(1). The phrase "such dismissal" in that sentence describes the legal effect of both a "dismissal based on lack of prosecution" upon the employer's motion (under the first sentence) and the denial of the claimant's motion for an extension (under the fourth sentence). Under the statutory language, granting an employer's motion raising a failure to prosecute and denying a claimant's request for an extension both result in a dismissal of the claim, although they are distinct procedural vehicles.

The *Glaze* panel came to its conclusion without examining the significant amendment of the statutory language in 2011 or contemplating what the Legislature intended to accomplish. 53 Kan. App. 2d at 716. Although the panel acknowledged the unfairness in dismissing diligently pursued workers compensation claims because of the passage of time—Glaze's claim, like Green's, fell in that category—it never considered whether the legislative overhaul of the statute meant to fix that inequity. The panel didn't so much as mention the substance of the amendment or the strong presumption that such an amendment signals a legislative intent to alter a statute's operation. In short, the panel opinion doesn't provide a clear analytical foundation for the syllabus point and conclusion in the Supreme Court's affirmance.

As a matter of completeness, we do not see *Knoll* as adding anything to how K.S.A. 2011 Supp. 44-523(f)(1) should be read. In that case, Knoll asserted the five-year deadline for seeking an extension in effect when she was injured governed her claim rather than the three-year deadline in the 2011 version that became effective before she sought an extension. An administrative law judge denied the extension as untimely, so

did the Board. In presenting the appeal to the Kansas Supreme Court, "[t]he parties agree[d] that, if the 2011 version applies to this case, then Knoll's claim should have been dismissed when she did not file a motion for extension within three years from filing her application for hearing, but if the 2009 version applies, then Knoll's claim was not subject to dismissal because she had five years to file the motion and she met that deadline." *Knoll*, 309 Kan. at 581. As we have said, the court held that the 2011 version governed and, in turn, affirmed the dismissal of Knoll's claim without further analyzing K.S.A. 2011 Supp. 44-523(f)(1). Nothing in the opinion suggests the court looked beyond or behind the parties' agreement in fashioning the holding. So the outcome in *Knoll* may be no more than a product of the parties' agreement. In any event, *Knoll* offers nothing that supplements or expands on the Kansas Supreme Court's reasoning for the holding in *Glaze*.

In all fairness, the amended version of K.S.A. 2011 Supp. 44-523(f)(1) is something like a four-lane highway that has been heavily patched rather than fully resurfaced: No matter what lane a motorist chooses some rough spots remain. In other words, as K.S.A. 2020 Supp. 44-523(f)(1) now stands, its five sentences form something less than a seamlessly integrated statutory process. Our resolution of the process in *Green I* and the Kansas Supreme Court's resolution in *Glaze* have rough spots, although they differ in character and effect.

As we acknowledged in *Green I*, our analysis leaves little incentive for a claimant to file a motion for an extension and largely shifts the burden in seeking dismissal to the employer to file a motion for lack of prosecution. 56 Kan. App. 2d at 741. But we impute clear legislative purpose and utility to the 2011 amendment in eliminating the harsh predecessor rule that categorically required dismissal of claims with prejudice after five years. Our analysis conforms to settled precepts for reading legislative amendments and takes account of the focused circumstances in play with this provision of the Workers Compensation Act.

By contrast, *Glaze* effectively renders the amendment of the first sentence of the subsection vestigial and perpetuates the inequity in time-barring claims unless the claimant seeks an extension. And the decision functionally shortens the bar from five years to three years. Ultimately, as *Glaze* would have it, the hearing on an employer's motion to dismiss for lack of prosecution, which is to be filed after the claim has been pending for at least three years, serves no useful purpose.

Given the rule in *Glaze*, if a claimant files a timely motion for an extension under K.S.A. 2011 Supp. 44-523(f)(1), the administrative law judge may (obviously) either grant or deny the request. If the extension is granted to the claimant, then the employer has no basis to file a motion to dismiss for lack of prosecution. If the extension is denied, meaning the claimant failed to show good cause, the claim is dismissed with prejudice for that reason. The employer then has no need to file a motion to dismiss for lack of prosecution. If the claimant fails to request an extension, the employer can file a motion to dismiss for lack of prosecution. Based on the holding in *Glaze*, the administrative law judge *must* grant the motion precisely because no extension had been requested. And the administrative law judge *must* do so even if the claimant has diligently pursued the case, so the dismissal is not because of a true failure to prosecute but because no extension had been sought. The result is exactly the same as it would have been under the pre-2011 version of K.S.A. 44-523(f), except that the dismissal happens after three years instead of five years. The fundamental inequity not only has been perpetuated but accelerated. On balance, that outcome seems difficult to reconcile with the 2011 amendment to K.S.A. 44-523(f)(1).

We prefer how *Green I* mapped the Legislature's 2011 patchwork repair of K.S.A. 2011 Supp. 44-523(f)(1)—the resulting statutory rough spots seem considerably less jarring than those in *Glaze*. But the choice is not ours to make. We, therefore, affirm the Board's dismissal of Green's claim for compensation. The Board reached the correct

13

result for the wrong reason. See *In re Tax Exemption Application of Westboro Baptist Church*, 40 Kan. App. 2d 27, 49, 189 P.3d 535 (2008) (court may uphold administrative agency action if correct result reached, albeit for erroneous reason). Here, the Board incorrectly relied on K.S.A. 2008 Supp. 44-523(f) rather than K.S.A. 2017 Supp. 44-523(f) to dismiss Green's claim. But given the holding in *Glaze*, the result would be the same under the amended version of the statute.

Affirmed.